# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-10482
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 22, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JONATHAN WAYNE STAKER, also known as Farmer John,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:06-CR-7-1

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jonathan Wayne Staker, federal prisoner # 34368-177, was convicted of possession of an unregistered firearm in violation of 26 U.S.C. §§ 5861(d) and 5871. He was sentenced to 97 months in prison and 3 years of supervised release. As a condition of his release, Staker was not to commit another federal, state, or local crime. Staker began his supervised release on August 2, 2013. The Probation Office obtained a warrant for Staker's arrest after he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10482

assaulted his wife on January 15, 2014, and then a 16-year-old boy on February 23, 2014.  Staker admitted both incidents orally and in writing.  Following a revocation hearing, at which Staker denied the violations, the district court found that the Government had proved the allegations by a preponderance of the evidence, revoked Staker's supervision, and imposed a sentence of six months in prison to be followed by 24 months of supervised release.

On appeal, Staker argues that the district court erred by considering evidence that contained out-of-court statements that were not subject to cross-examination.  Staker is correct that a supervisee has a due process right to "a fair and meaningful opportunity to refute and challenge adverse evidence to assure that the court's relevant findings are based on verified facts."  *United States v. Grandlund*, 71 F.3d 507, 509-10 (5th Cir. 1995), *opinion clarified*, 77 F.3d 811 (5th Cir. 1996).  Staker concedes that review is for plain error because he did not raise this claim of error in the district court.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

As no objection was raised to any of the challenged evidence, the district court did not make a finding that there was good cause shown to deny Staker the opportunity to confront the sources of the information.  Although Staker did not object to the evidence, he argued that the documents were without evidentiary foundation and unreliable.  The district court was presented with and considered the evidentiary failings of the documents in question when finding that the preponderance of the evidence proved the allegations against Staker.  Given the record of the revocation hearing, Staker suffered no prejudice because he has not shown that absent the admission of the documents in question, the district court would not have revoked his release.  *See United States v. Olano*, 507 U.S. 725, 741 (1993).

AFFIRMED.